**Aaron Junior HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–01–00655–CR.**

Court of Appeals of Texas,
Dallas.

Aug. 2, 2002.

Sue Korioth, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Anne B. Weatherholt, Dallas, for the State.

Before Justices MORRIS, WRIGHT, and O'NEILL.

## OPINION

Opinion By Justice MORRIS.

Although the State charged Aaron Junior Hall with murder, a jury found him guilty of aggravated assault by threat. Appellant now contends the trial court did not have jurisdiction to convict him of aggravated assault by threat because that particular crime is not a lesser included offense of murder. We agree with appellant and conclude the trial court was without jurisdiction to convict appellant of aggravated assault by threat. We accordingly vacate the trial court's judgment.

The State's indictment alleged appellant intentionally and knowingly caused the death of Marco Grigsby by shooting him with a firearm and, alternatively, appellant intended to cause serious bodily injury to Marco Grigsby and committed an act clearly dangerous to human life by shooting him with a firearm, thereby causing his death. The jury charge in the case allowed the jury to consider aggravated assault by threat as a lesser included offense of murder. The trial court's aggravated assault instruction directed the jury that if it found beyond a reasonable doubt that appellant "did then and there unlawfully, intentionally, or knowingly threaten Marco Grigsby with imminent bodily injury by using or exhibiting a deadly weapon, namely a firearm, then you will find the defendant guilty of the lesser charge of aggravated assault as included in the indictment." The jury did not find appellant guilty of murder, but instead convicted him

of the aggravated assault offense. The record does not reveal who requested the aggravated assault instruction. It is clear, however, that appellant did not object to the instruction at trial.

■ On appeal, appellant specifically complains the trial court did not have jurisdiction to render judgment on aggravated assault because aggravated assault by threat is not a lesser included offense of murder. A trial court has jurisdiction to convict a defendant of an offense not charged in an indictment only when that offense is a lesser included offense of the crime charged. *McLeod v. State*, 56 S.W.3d 704, 708 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *see Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.Crim.App. 1987). Article 37.09 of the Texas Code of Criminal Procedure lists the four types of lesser included offenses. It provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

Appellant contends that because neither the murder statute nor the murder indictment required proof of a threat against Marco Grigsby, aggravated assault by threat could not be a lesser included offense of the primary murder offense. In response, the State first argues that because the record is not clear who may have requested the aggravated assault instruction, appellant must show he did not request the instruction or he is barred from making the complaint under the law of invited error.

We reject the State's claim that appellant has procedurally defaulted and is now unable to make his claim because of the law of invited error. Regardless of whether the law of procedural default would have applied in this case if the record showed appellant requested the aggravated assault instruction, the State offers no authority, and we have found none, to support its claim that "appellant should have to show, before he may claim improper submission of aggravated assault as a lesser included offense, that he did not request this instruction in the off-the-record charge conference." We perceive no reason to place this burden on appellant. The record does not show whether one of the parties requested the instruction, whether the parties jointly requested it, or whether the trial court acted on its own initiative in including it in the charge. Given the silence of the record about who requested the aggravated assault instruction, we will address whether the trial court had jurisdiction to proceed to judgment on the offense of aggravated assault by threat.

■ The State urges that aggravated assault by threat is a lesser included offense of murder under both articles 37.09(1) and 37.09(2). Article 37.09's efficacy, as it pertains to due process and notice, lies in its reference to the offense charged and the fact that each variety of lesser included offense does not enlarge upon the offense charged but either restricts or reduces culpability as compared to the offense charged. *See Jacob v. State*, 892 S.W.2d 905, 907–08 (Tex.Crim.App.1995);

*Day v. State,* 532 S.W.2d 302, 315 (Tex. Crim.App.1975). Each lesser included offense must necessarily be included within the proof of the greater offense. *Jacob,* 892 S.W.2d at 907.

■ A lesser included offense under article 37.09(1) must be determined by looking at "(1) the elements of the offense actually charged, (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented at trial to show the elements of the charged offense." *Id.* at 907–08. In appellant's case, the statutory elements of the offense sought as a lesser included offense included at least one fact not required to be proved as an element of the offense charged: a threat. The State claims, however, that the threat element of aggravated assault could be implied from the indictment's charged conduct of "causing" the complainant's death. We disagree.

■ It does not matter if the charged offense could be proven on a theory that did not contain the lesser offense. The issue is whether proof of the charged offense, in the specific case, actually included proof of the lesser included offense as defined by article 37.09. *Broussard v. State,* 642 S.W.2d 171, 173 (Tex.Crim.App. 1982); *Donoho v. State,* 39 S.W.3d 324, 330 (Tex.App.-Fort Worth 2001, pet. ref'd). To qualify as a lesser included offense under article 37.09(1), the lesser offense must be established by proof of the same or less than all the facts "required" to establish the commission of the charged offense. Tex.Code Crim. Proc. Ann. art. 37.09(1); *Jacob,* 892 S.W.2d at 908. In this case, the State was not required to establish a threat against the complainant in proving appellant caused the complainant's death.

■ The State further argues that threatening the complainant with a deadly weapon was included as an "act clearly dangerous to human life" and therefore was alleged in the alternative paragraph of the murder indictment. But by alleging appellant committed an act clearly dangerous to human life, the indictment did not necessarily allege appellant threatened the victim with a deadly weapon. The State was certainly not legally required to show a threat to prove the elements of murder as they were alleged. Moreover, the indictment specified one particular act clearly dangerous to human life, that of "shooting ... Marco Grigsby with a firearm." Thus, a threat with a deadly weapon was not "subsumed in the charged offense." *Jacob,* 892 S.W.2d at 908; *cf. Ford v. State,* 38 S.W.3d 836, 845 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (deadly conduct was lesser included offense of aggravated assault where "proof of causing bodily injury by the actual use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury"). Because the State was not required to prove a threat under either of the murder theories alleged, we conclude aggravated assault by threat was not a lesser included offense of the indicted murder offenses under article 37.09(1). *See Douglas v. State,* 915 S.W.2d 166, 169 (Tex.App.-Corpus Christi 1996, no pet.).

The State also contends aggravated assault by threat was a lesser included offense of the charged murder offense under article 37.09(2) because it differed from the offense charged "only in the respect that a less serious injury or risk of injury is shown—threatening imminent bodily injury by using or exhibiting a firearm rather than causing death by use of a firearm or committing an act clearly dangerous to human life and causing death by use of a firearm." Article 37.09(2) requires that

the lesser included offense differ from the charged offense "*only* in the respect that a less serious injury or risk of injury to the same person ... *suffices to establish its commission.*" TEX.CODE CRIM. PROC. ANN. art. 37.09(2) (emphasis added). As illustrated by its terms, article 37.09(2) applies to greater and lesser offenses that differ only by the injury or risk of injury, as in the case of aggravated assault involving serious bodily injury and simple assault involving bodily injury. *Compare McKinney v. State*, 12 S.W.3d 580, 583 (Tex.App.-Texarkana 2000, pet. ref'd) (assault with bodily injury lesser included offense of aggravated assault with serious bodily injury), *with Yandell v. State*, 46 S.W.3d 357, 361 (Tex.App.-Austin 2001, pet. ref'd) (deadly conduct not lesser included offense of manslaughter because deadly conduct requires proof that accused knowingly discharged firearm); *Ramos v. State*, 981 S.W.2d 700, 701 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (assault not lesser included offense of aggravated sexual assault or indecency with a child because assault requires proof that defendant knew or reasonably believed complainant would regard contact as offensive or provocative). Here, the offense of aggravated assault by threat differed from the charged murder offense by more than the injury or risk of injury to the complainant. It included the additional element of a threat against the complainant that was not present in the murder indictment. In this case, aggravated assault by threat and murder were two separate offenses, not two offenses that differed only in the single fact of risk of injury to the complainant. Therefore, we also conclude aggravated assault by threat was not a lesser included offense of the charged murder offenses under article 37.09(2).

■ Finally, the State argues that, to be entitled to reversal, appellant must show he was egregiously harmed because he did not object to the jury instruction. Appellant, however, is not complaining of trial court error in submitting the jury instruction, but of the lack of trial court jurisdiction. Any action taken by a court without jurisdiction is void. *Ford*, 38 S.W.3d at 841; *see Jordan v. State*, 54 S.W.3d 783, 785 (Tex.Crim.App.2001). And although no error—except for certain structural constitutional errors—is categorically immune from a harmless error analysis, the court of criminal appeals, in addressing the former rules of appellate procedure, has stated that "some kinds of errors (*particularly jurisdictional ones*) will never be harmless." *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997) (emphasis added). The rules of appellate procedure have been amended since *Cain*, but nothing in the current rules instructs us that a void judgment may nevertheless be harmless. Indeed, it is difficult to see how a conviction by a court lacking jurisdiction would ever be harmless. A court has no authority to render judgment when it does not have jurisdiction, and the error in doing so undoubtedly would "contribute" to the conviction. *See* TEX.R.APP. P. 44.2(a).

We sustain appellant's argument that the trial court lacked jurisdiction to render judgment on his conviction of aggravated assault by threat. The judgment of the trial court is void. Due to our decision, we need not address appellant's remaining arguments. We vacate the trial court's judgment and render judgment that appellant is acquitted of the charged offense of murder, as previously found by the jury.