Willie James **MITCHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–03–00149–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 2004.

---

Josh Schaffer, Schaffer Firm, Yalila Guerrero, Houston, TX, for Appellant.

Alan Curry, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Willie James Mitchell, pleaded guilty to the offense of aggravated assault with a deadly weapon,[1] and the trial court, after finding true the allegation in an enhancement paragraph that appellant had a prior felony conviction, assessed his punishment at confinement for 25 years. In two points of error, appellant contends that the trial court (1) lacked jurisdiction to convict him of aggravated assault with a deadly weapon because it was not a lesser included offense of the offense for which he was indicted, burglary, and (2) erred in entering an affirmative finding that he used a deadly weapon in the commission of the offense. We affirm.

### Facts

On September 9, 2002, a grand jury indicted appellant for the offense of burglary, *i.e.*, entering a habitation and committing and attempting to commit a felony.[2] The indictment alleged, in pertinent part, as follows:

> [Appellant], heretofore on or about June 10, 2002, did then and there unlawfully, without the effective consent of the owner, namely, without any consent of any kind, intentionally and knowingly enter a habitation owned by [the complainant], a person having a greater right to possession of the habitation than [appellant], and commit and attempt to commit the felony of aggravated assault.

On December 9, 2002, the State moved to reduce the charge against appellant to the "lesser offense of aggravated assault with a deadly weapon, fire." Appellant, without an agreed punishment recommendation from the State, pleaded guilty to this offense and requested a pre-sentence investigation. The trial court then ordered the Harris County Community Supervision and Corrections Department to conduct a pre-sentence investigation and to prepare a pre-sentence investigation report.

According to the report, which was introduced into evidence at the punishment hearing, at approximately 10:00 p.m. on June 10, 2002, appellant went to the home of his former girlfriend, the complainant. When he arrived, appellant, using his cellular telephone, contacted the complainant and demanded that she let him in her house. After the complainant initially resisted, appellant began kicking the complainant's front door. When the complainant opened the door, appellant went inside the house.

Once inside, appellant walked through the complainant's living room and into her garage. He picked up a can of lighter fluid in the garage and returned to the complainant's living room. Appellant then began spraying lighter fluid on the walls of the living room, while yelling "you never wanted me" and "you never loved me." Shortly thereafter, he walked over to the complainant, sprayed lighter fluid on her, pulled out a cigarette lighter, and lit the complainant's shirt on fire. The complainant immediately removed her shirt, put out the fire, and called for emergency assistance.

At this point, appellant "turned very violent." He hit the complainant several times and, when she fell to the ground, he dragged her around the house by her hair, pulling out a large clump of hair in the process. At some point, the complainant escaped from appellant, ran into the kitchen, and attempted to pick up a skillet. Appellant followed the complainant into the kitchen and knocked the skillet onto the floor. He then grabbed the complain-

---

**1.** *See* TEX. PEN.CODE ANN. § 22.02(a)(2) (Vernon Supp.2004).

**2.** *See id.* 30.02(a)(3) (Vernon 2003).

ant from behind and began choking her. Although the complainant resisted appellant and bit him on the forearm, he reestablished his grip on the complainant and choked her until she passed out.

When she awoke, the complainant heard voices coming from the living room. She crawled into the living room and saw appellant standing at the front door speaking with a police officer. When appellant began to close the front door, the complainant screamed "please help me, he killin [sic] me, he killin [sic] me." The officer subsequently arrested appellant.

At the punishment hearing, appellant testified that he did not intentionally light the complainant's shirt on fire. He explained that, while removing his mother's barbecue pit from the complainant's home and holding a can of lighter fluid, he argued with the complainant and threw his "hands up and down." At this point, "lighter fluid got on" the complainant. Appellant then pulled out a cigarette lighter and began flicking it "as a dare thing." While he was flicking the lighter, the complainant walked towards appellant and the fire "just caught the edge of her shirt."

## Lesser Included Offense

■ In his first point of error, appellant argues that the trial court lacked jurisdiction to convict him of aggravated assault with a deadly weapon because it was not a lesser included offense of burglary.

■ A trial court lacks jurisdiction to convict a defendant of an offense not charged in the indictment unless it is a lesser included offense. *Teague v. State*, 789 S.W.2d 380, 381 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd). An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). In regard to article 37.09(1), a lesser included offense is determined by looking at (1) the elements of the offense actually charged, (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented at trial to show the elements of the charged offense. *Jacob v. State*, 892 S.W.2d 905, 907–08 (Tex.Crim.App.1995). A lesser included offense is defined with reference to the facts "required" to establish the charged offense rather than to the facts presented at trial. *Id.* at 908.

A person commits the offense of burglary if, without the effective consent of the owner, he "enters ... a habitation and commits or attempts to commit a felony, theft, or an assault." TEX. PEN.CODE ANN. § 30.02(a)(3) (Vernon 2003). A person commits the felony offense of aggravated assault if he commits assault and (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during the commission of the assault. *Id.* § 22.02(a) (Vernon Supp.2004).

Appellant asserts that burglary, *i.e.*, entering a habitation and committing and attempting to commit the felony of aggravated assault, the offense for which he was indicted, "does not require proof that [he] used or exhibited a deadly weapon." Appellant notes that aggravated assault with

a deadly weapon, the offense to which he pleaded guilty, does require such proof. Appellant concludes, thus, that aggravated assault with a deadly weapon is not a lesser included offense of burglary.

In support of his argument, appellant relies on *Hall v. State*, 81 S.W.3d 927 (Tex.App.-Dallas 2002, pet. granted). In *Hall*, a grand jury indicted the defendant for murder, but the jury found him guilty of aggravated assault by threat. *Id.* at 928–29. In regard to article 37.09, the Dallas Court of Appeals noted the following:

> Article 37.09's efficacy, as it pertains to due process and notice, lies in its reference to the offense charged and the fact that each variety of lesser included offense *does not enlarge upon the offense charged* [,] but either restricts or reduces culpability as compared to the offense charged.

*Id.* at 929 (citing *Jacob*, 892 S.W.2d at 907; *Day v. State*, 532 S.W.2d 302, 315 (Tex. Crim.App.1975)) (emphasis added). The *Hall* court concluded that the State was "not legally required to show a threat to prove the elements of murder as they were alleged." *Hall*, 81 S.W.3d at 930. The court then held that, because the State *was not required to prove a threat* under either of the murder theories alleged, aggravated assault by threat was not a lesser included offense of the indicted murder offense under article 37.09(1). *Id.* at 930.

Here, in stark contrast to *Hall*, as to the burglary offense alleged in the indictment, the State was required to prove the commission of an aggravated assault or acts constituting an attempt to commit aggra-

vated assault. *See* Tex. Pen.Code Ann. § 30.02(a)(3).[3] The State could have proven the commission of an aggravated assault by showing that (1) appellant had assaulted the complainant and had caused her to suffer serious bodily injury, or (2) appellant had assaulted the complainant and had used or exhibited a deadly weapon. *See* Tex. Pen.Code Ann. § 22.02(a). In the burglary indictment, the State was not required to set out the elements of the felony allegedly committed and attempted by appellant after he entered the complainant's habitation, *i.e.*, aggravated assault. *See Ex parte Donohue*, 602 S.W.2d 265, 266 (Tex.Crim.App.1980). Nevertheless, in contrast to *Hall*, the State was required to prove the essential elements that appellant had assaulted the complainant and that he had used or exhibited a deadly weapon, namely fire, or had caused the complainant to suffer serious bodily injury. Under either theory of aggravated assault, the State would have had to prove essentially the same facts, *i.e.*, that appellant had squirted lighter fluid on the complainant and had then set her on fire. Thus, the offense to which appellant pleaded guilty, "aggravated assault with a deadly weapon, fire," did not "enlarge upon" the offense charged, burglary under section 30.02(a)(3), and it was therefore a lesser included offense.

Accordingly, we hold that, under article 37.09(1), aggravated assault with a deadly weapon was a lesser included offense of burglary, under section 30.02(a)(3), and that, therefore, the trial court had jurisdic-

---

**3.** In fact, the Court of Criminal Appeals in *Jacob* specifically noted that an indictment charging burglary under a previous version of section 30.02 "would require that the State show the commission of an aggravated assault or acts constituting an attempt to commit aggravated assault." 892 S.W.2d at 909. Under this previous version of section 30.02,

a person committed the offense of burglary if he entered a habitation and "committ[ed] or attempt[ed] to commit a felony or theft." Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 926–27, *amended by*, Act of June 18, 1999, 76th Leg., R.S., ch. 727, § 1, 1999 Tex. Gen. Laws 3336, 3336.

tion to convict appellant of aggravated assault with a deadly weapon.

We overrule appellant's first point of error.

### Deadly Weapon Finding

■ In his second point of error, appellant argues that the trial court erred in making an affirmative finding that he used a deadly weapon in the commission of the offense of aggravated assault because "[t]he State did not give express notice that it intended to seek an affirmative finding of a deadly weapon, as it neither alleged the use or exhibition of a deadly weapon in the indictment nor filed a separate pleading."

■ Ordinarily, a defendant is entitled to written notice in some form that the use of a deadly weapon will be a fact issue at trial. *Ex parte Minott*, 972 S.W.2d 760, 761 (Tex.Crim.App.1998). However, when a defendant pleads guilty as part of a plea agreement, and the inclusion of an affirmative finding of a deadly weapon is a part of that agreement, the defendant has received actual notice of the State's intention to seek an affirmative finding that a deadly weapon was used and has waived the right to written notice. *Id.* at 762.

Here, the State, on December 9, 2002, moved to reduce the charge against appellant to the "lesser offense of aggravated assault with a deadly weapon, fire." This language appears in appellant's "Written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which appellant stated his intent to enter a plea of guilty without an agreed punishment recommendation from the State. Both appellant and his counsel signed this document, and appellant subsequently pleaded guilty to the offense of aggravated assault with a deadly weapon. Although there is no evidence in the record that appellant expressly agreed to a deadly weapon finding as part of any plea

agreement, he, in fact, had actual notice that the State intended to seek such a finding when it moved, in writing, to reduce the charge against him to aggravated assault with a deadly weapon, fire, he signed the written waiver, and he pleaded guilty to aggravated assault with a deadly weapon. Accordingly, given these circumstances, we hold that appellant waived his right to receive prior written notice that the State intended to seek an affirmative finding that he used or exhibited a deadly weapon in the commission of the offense.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.