Judgment Vacated and Cause Remanded with Instructions to Render Judgment
of Acquittal and Opinion filed July 31, 2007








 

Judgment
Vacated and Cause Remanded with Instructions to Render Judgment of Acquittal
and Opinion filed July 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00168-CR

____________

 

ROBERTO YARIT TREJO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1056360

 



 

O P I N I O N








In this appeal, we must decide whether the trial court had
jurisdiction to enter a judgment convicting appellant, Roberto Yarit Trejo, of
aggravated assault when he was  indicted for aggravated sexual assault but
convicted of aggravated assault, which was submitted as a lesser-included
offense.  We conclude (1) aggravated assault is not a lesser-included offense
of aggravated sexual assault as charged in the indictment, (2) the trial court
therefore was without jurisdiction to convict appellant of aggravated assault,
and (3) contrary to the State=s argument, appellant was not required to
make a record affirmatively showing he did not request that the trial court
submit aggravated assault to the jury as a lesser-included offense. 
Accordingly, we vacate the judgment of conviction for aggravated assault and
remand to the trial court to render a judgment of acquittal on the charged
offense of aggravated sexual assault.

I.  Factual and Procedural Background

Appellant and A.S. were living together when the assault at
issue occurred.  According to A.S., appellant had returned home smelling of
beer and liquor.  Appellant told A.S. he wanted to have intercourse with her. 
When A.S. refused, appellant hit her in the face with his head and punched her
with his fists.

According to A.S., appellant forced himself on her  and had
vaginal intercourse with her while she protested.  There followed intermittent
episodes of intercourse or attempted intercourse and physical assaults.  A.S.
eventually escaped, grabbed a blanket to cover herself, and ran to her neighbor=s house.

According to the neighbor, A.S.=s eyes were
swollen shut, her lip was swollen and broken open, and her nose was bloody. 
A.S. told the neighbor what had happened, and they called the police.

Two days later, A.S. was unable to see well.  She had an
obviously red portion in the white of her eye, which is often evidence of
choking or strangulation.  The bruising around her eyes remained for three
weeks.

Except for tests on A.S.=s fingernail
scrapings, the results of the DNA tests were largely inconclusive.  Appellant
admitted he slapped A.S. hard about four times, but denied attempting to
sexually assault her.








The indictment charged appellant with intentionally and
knowingly penetrating A.S.=s sexual organ with his sexual organ
without A.S.=s consent by compelling A.S. Ato submit and
participate@ by (a) Athe use of
physical force and violence, and by acts and words [placing A.S.] in fear that
serious bodily injury would be imminently inflicted on [her]@ or (b) Athreatening to use
force and violence against [her, and she believed appellant] had the present
ability to execute the threat.@

When asked pre-trial whether the State would be seeking Aany specially-requested 
charges,@ the State
replied, A[T]here may be lesser-included offenses . . . .  Maybe
assault and sexual assault.@  When asked the same question, the
defense responded, ANone other than the lessers.@  The reporter=s record does not
contain a record of any charge conference, and it does not state that a charge
conference occurred off the record.  The court charged the jury on aggravated
sexual assault, sexual assault, aggravated assault by causing serious bodily
injury, and assault by causing bodily injury.  The jury found appellant guilty
of aggravated assault and assessed punishment at five years= confinement.  The
court rendered judgment on the jury=s verdict.

II.  Issues Presented

Appellant presents four issues for our review.  In his
first and second issues respectively, he argues that the evidence is legally
and factually insufficient to support his conviction for aggravated assault. 
In his third issue, he contends the trial court did not have jurisdiction to
convict him of aggravated assault because it is not a lesser-included offense
of aggravated sexual assault as charged in the indictment.  In his fourth
issue, he contends that the inclusion of aggravated assault in the jury charge
egregiously harmed him.








The State contends this court must overrule appellant=s issues because
appellant failed to develop a record affirmatively showing he did not request
that the trial court submit aggravated assault to the jury as a lesser-included
offense.  Moreover, the State argues the evidence is legally and factually
sufficient to support his conviction for aggravated assault.  The State does
not argue the merits of appellant=s third and fourth
issues, but relies solely on appellant=s alleged failure
to present a sufficient record as to those issues.

We conclude that appellant=s third issue is dispositive
of this appeal.  Accordingly, we address that issue and need not address
appellant=s remaining issues.  In analyzing appellant=s third issue, we
consider (1) whether aggravated assault is a lesser-included offense of
aggravated sexual assault as charged in the indictment, (2) whether the trial
court lacked jurisdiction to convict appellant of aggravated assault, and (3)
whether appellant forfeited his jurisdictional challenge by failing to develop
an adequate record.

III.  Analysis

A.      Aggravated Assault is Not a
Lesser-Included Offense of Aggravated Sexual Assault as Charged in the
Indictment.

The first question we must decide is whether aggravated
assault is a lesser-included offense of aggravated sexual assault as charged in
the present case.  Under Code of Criminal Procedure article 37.09, an offense
is a lesser-included offense of the offense charged if:

(1)     it is established by proof of the same or
less than all the facts required to establish the commission of the offense charged;

(2)     it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;

(3)     it differs from the offense charged only in
the respect that a less culpable mental state suffices to establish its
commission; or

(4)     it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 2006).








There are two steps in the analysis to determine whether
there may be a conviction for a lesser-included offense in a particular case.  Hall
v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007).[1] 
In the present case, we first ask whether aggravated assault is a
lesser-included offense of aggravated sexual assault.  See id.  If the
answer to that question is yes, we then ask whether the evidence at trial was
sufficient to have required the court to submit the issue of aggravated assault
to the jury.  See id.  The question in the first step is a question of
law, which does not depend on the evidence produced at trial.  Id. at
535.  In the first step, the pleadings approach is the sole means for
determining whether a party may be entitled to a lesser-included offense
instruction.  Id. at 535B36.

In the first step, we consider only the statutory elements
of aggravated sexual assault as they were modified by the particular
allegations in the indictment.  See id. at 536.  As alleged in the
indictment, those elements are:

(1)     appellant

(2)     intentionally and knowingly

(3)     penetrated A.S.=s sexual organ

(4)     with his sexual organ

(5)     without her consent, by compelling her to
submit and participate by

(a)     using physical force and violence, or 

(b)     threatening to use force and violence
against her and she believed appellant had the present ability to execute the
threat; and

(6)     by acts and words, placed A.S. in fear that
serious bodily injury would be imminently inflicted on her.

See Tex. Penal Code Ann. '' 22.011(b);
22.021(a)(1)(A)(I), (2)(A)(ii) (Vernon Supp. 2006).








We now compare those elements with the elements of the
offense of aggravated assault that could be included in that offense.  See
Hall, 225 S.W.3d at 536.  The statutory elements of that offense, as
modified by the jury charge, are:

(1)     appellant

(2)     intentionally or knowingly

(3)     caused bodily injury to A.S. by striking her
with his hands, and 

(4)     that bodily injury

(a)     created a substantial risk of death, or

(b)     caused death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.

See Tex. Penal Code Ann. '' 1.07(a)(46);
22.01(a)(1), 22.02(a) (Vernon Supp. 2006).[2]

We now ask whether the elements of the lesser offense are Aestablished by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09; see
Hall, 225 S.W.3d at 536.  The answer is they are not.  As charged in the
indictment, aggravated sexual assault does not require proof appellant caused
serious bodily injuryCi.e., injury creating a substantial
risk of death or causing death, serious permanent disfigurement, or protracted
loss or impairment of the function of any bodily member or organ.  Accordingly,
aggravated assault is not a lesser-included offense of aggravated sexual
assault as charged in this case.








B.      The Trial Court Lacked Jurisdiction
to Convict Appellant of Aggravated Assault.

A trial court has no jurisdiction to convict a defendant of
an offense not charged in an indictment unless that offense is a lesser-included
offense of the crime charged.  McLeod v. State, 56 S.W.3d 704, 708 (Tex.
App.CHouston [14th
Dist.] 2001, no pet.); Foster v. State, 834 S.W.2d 494, 497 (Tex. App.CHouston [14th Dist.]
1992, no pet.).  Because, as we held above, aggravated assault is not a
lesser-included offense of aggravated sexual assault as charged in this case,
there was no valid indictment or complaint charging aggravated assault, and the
trial court was without jurisdiction to convict appellant of that offense.  See
Jacob v. State, 892 S.W.2d 905, 907B9 (Tex. Crim. App.
1995) (en banc); Houston v. State, 556 S.W.2d 345, 347 (Tex. Crim. App.
1977).  Consequently, the trial court=s judgment is
void.  See Jacob, 892 S.W.2d at 907B9; Houston,
556 S.W.2d at 347; Foster, 834 S.W.2d at 497.

C.      Appellant Did Not Forfeit
His Jurisdictional Challenge by Failing to Develop an Adequate Record.

 








The State argues this court must overrule appellant=s issues because
appellant failed to develop a record affirmatively showing he did not request
that the trial court submit aggravated assault to the jury as a lesser-included
offense.  In support, the State cites Ortiz v. State, 144 S.W.3d 225
(Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (en banc). In Ortiz,
this court held a defendant=s challenge to a lesser-included offense
instruction was without merit Afor a variety of reasons,@ including the
defendant=s failure to develop a record demonstrating the error
that he alleged on appeal.  Id. at 229.  As in the present case, the
record did not show  how the lesser-included offense was included in the
charge, and we had no way of knowing whether appellant had requested it.  Id. 
However, the appellant in Ortiz did not seek rendition of a judgment of
acquittal based on an allegedly void judgment.  See id. at 227B29.  Rather, as to
the lesser-included offense, the appellant in Ortiz asserted only charge
error.  See id.  Therefore, we conclude Ortiz is not on point.[3]  


Despite the breadth of the language used in some of the
cases, we have found no binding precedent holding that a defendant who does not
develop the record or object to the incorrect instruction forfeits or is
estopped from asserting a challenge to his conviction for a crime with which he
was not charged and that is not a lesser-included offense of the crime with
which he was charged.

In Hall v. State, however, the Fifth Court of
Appeals addressed this jurisdictional issue.  See 81 S.W.3d 927, 928B29 (Tex. App.CDallas 2002), aff=d, 225 S.W.3d 524
(Tex. Crim. App. 2007).  In Hall, the defendant was charged with murder,
but the jury found him guilty of aggravated assault by threat.  Id. at
928.  As in Ortiz and the present case, the record did not show whether
the appellant had requested that the jury be charged as to the lesser-included
offense.  Id. at 929.  The court of appeals rejected the State=s claim the
defendant had procedurally defaulted and was unable to make his claim because
of the law of invited error:








Regardless of whether the law of
procedural default would have applied in this case if the record showed
appellant requested the aggravated assault instruction, the State offers no
authority, and we have found none, to support its claim that Aappellant should
have to show, before he may claim improper submission of aggravated assault as
a lesser included offense, that he did not request this instruction in the off‑the‑record
charge conference.@   We perceive no reason to place this
burden on appellant.  The record does not show whether one of the parties
requested the instruction, whether the parties jointly requested it, or whether
the trial court acted on its own initiative in including it in the charge. 
Given the silence of the record about who requested the aggravated assault
instruction, we will address whether the trial court had jurisdiction to
proceed to judgment on the offense of aggravated assault by threat.[4]


Id.  In Hall,
the court of appeals does not state whether the record in that case reflected
there was an off-the-record charge conference.  See 81 S.W.3d at 928B31.  Although the
above-quoted passage indicates that the State asserted that a charge conference
had occurred off the record, the court of appeals stated A[i]t is clear,
however, that appellant did not object to the instruction at trial.@ See id. at
929.  It is hard to see how this would have been clear if the record stated
there had been an off-the-record charge conference.  In any event, the
reasoning of the court of appeals in Hall is persuasive in this case, in
which the record does not state that there was an off-the-record charge
conference.  Therefore, we conclude that appellant did not forfeit his third
issue by his failure to develop a record affirmatively showing he did not
request that the trial court submit aggravated assault to the jury as a
lesser-included offense.   








We conclude (1) aggravated assault is not a lesser-included
offense of the aggravated sexual assault charged in the indictment, (2) the
trial court therefore lacked jurisdiction to convict appellant of aggravated
assault in this case, and (3) appellant did not forfeit his third issue. 
Accordingly, we sustain appellant=s third issue, and
do not consider his three remaining issues.

IV.  Conclusion

We hold the trial court lacked jurisdiction to convict
appellant of aggravated assault because it is not a lesser-included offense of
aggravated sexual assault as charged in the indictment.  The trial court=s judgment of
conviction for aggravated assault is therefore void, and we vacate that
judgment.  See Jacob, 892 S.W.2d at 907B9; Foster,
834 S.W.2d at 497.  By its verdict, the jury acquitted appellant of the
indicted charge of aggravated sexual assault.  Accordingly, we remand the cause
to the trial court with instructions to render a judgment of acquittal on the
charged offense of aggravated sexual assault.  See Foster, 834
S.W.2d at 497. 

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Opinion filed July 31, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Publish C Tex. R. App. P. 47.2(b).









[1]  The Hall court was construing and applying
subsection (1) of Code of Criminal Procedure  article 37.09.  See id.
at 536.  That subsection is the relevant provision in the present case.





[2]  Because the jury charge included aggravated assault
only under the theory of causing serious bodily injury, we do not consider the
alternative means of committing assault.  See Tex. Penal Code Ann. '
22.01(a)(2) (threatening another with imminent bodily injury), or (3) (causing
physical contact when actor knows or should reasonably believe the other
individual will regard contact as offensive or provocative).  Under Hall,
we do not look at the proof adduced at trial.  Hall, 225 S.W.3d at 535. 
Nevertheless, just as under Hall we look at the elements of the greater
offense as modified by the allegations in the indictment, we look at the
elements of the lesser offense as modified by the jury charge.  Cf. id. at
536; Ramos v. State, 981 S.W.2d 700, 701 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d) (comparing elements of theory of assault proposed
by defendant challenging denial of instruction and holding assault not
lesser-included offense of aggravated sexual assault or indecency with a child
because assault under defendant=s theory
required proof defendant knew or reasonably believed complainant would regard
contact as offensive or provocative). 





[3]  Likewise, the other cases the State cites do not
involve challenges to the trial court=s
jurisdiction.  See, e.g., State v. Yount, 853 S.W.2d 6, 9
(Tex. Crim. App. 1993) (involving challenge to lesser-included offense on
limitations grounds), overruled in part by McKinney v. State, 207 S.W.3d
366, 373B74 (Tex. Crim. App. 2006); State v. Lee, 818
S.W.2d 778, 781 (Tex. Crim. App. 1991) (en banc) (plurality op.) (involving
challenge to sufficiency of the evidence to support lesser-included offense),  overruled
on other grounds by Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998)
(en banc); Tucker v. State, 771 S.W.2d 523, 534 (Tex. Crim. App. 1988)
(involving punishment-phase charge on voluntary intoxication); Wade v. State,
164 S.W.3d 788, 794 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (involving charge on illegally obtained evidence).





[4]  The court then concluded that aggravated assault by
threat was not an included offense of murder under either subsection (1) or (2)
of Texas Code of Criminal Procedure, article 37.09.  Hall, 81 S.W.3d at
930B31.  The court held the trial court lacked
jurisdiction to render judgment on the defendant=s conviction of aggravated assault by threat and the judgment was
void.  Id. at 931.  The court vacated the trial court=s judgment and rendered judgment acquitting the
defendant of the charged offense of murder.  Id.  The Court of Criminal
Appeals affirmed, holding aggravated assault by threat was not a
lesser-included offense included in the offense of murder as alleged in the
indictment.  Hall, 225 S.W.3d at 536.  The Court stated that it did not
grant review on, and expressed no opinion regarding, the lower court=s decisions that (1) there was no procedural default
based on the failure of the record to reflect how the jury was charged on the
lesser-included offense, (2) a judgment of guilt of a lesser-included offense
not included in the alleged offense is void because a trial court has no
jurisdiction to enter such a judgment, or (3) the defendant suffered harm
requiring reversal.  Id. at 537.