Roberto Yarit **TREJO**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00168–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 2007.

Rehearing Overruled Jan. 10, 2008.

Kenneth E. Goode, Houston, for appellant.

Eric Kugler, Houston, for appellee.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In this appeal, we must decide whether the trial court had jurisdiction to enter a judgment convicting appellant, Roberto Yarit Trejo, of aggravated assault when he was indicted for aggravated sexual assault but convicted of aggravated assault, which was submitted as a lesser-included offense. We conclude (1) aggravated assault is not a lesser-included offense of aggravated sexual assault as charged in the indictment, (2) the trial court therefore was without jurisdiction to convict appellant of aggravated assault, and (3) contrary to the State's argument, appellant was not required to make a record affirmatively showing he did not request that the trial court submit aggravated assault to the jury as a lesser-included offense. Accordingly, we vacate the judgment of conviction for aggravated assault and remand to the

trial court to render a judgment of acquittal on the charged offense of aggravated sexual assault.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and A.S. were living together when the assault at issue occurred. According to A.S., appellant had returned home smelling of beer and liquor. Appellant told A.S. he wanted to have intercourse with her. When A.S. refused, appellant hit her in the face with his head and punched her with his fists.

According to A.S., appellant forced himself on her and had vaginal intercourse with her while she protested. There followed intermittent episodes of intercourse or attempted intercourse and physical assaults. A.S. eventually escaped, grabbed a blanket to cover herself, and ran to her neighbor's house.

According to the neighbor, A.S.'s eyes were swollen shut, her lip was swollen and broken open, and her nose was bloody. A.S. told the neighbor what had happened, and they called the police.

Two days later, A.S. was unable to see well. She had an obviously red portion in the white of her eye, which is often evidence of choking or strangulation. The bruising around her eyes remained for three weeks.

Except for tests on A.S.'s fingernail scrapings, the results of the DNA tests were largely inconclusive. Appellant admitted he slapped A.S. hard about four times, but denied attempting to sexually assault her.

The indictment charged appellant with intentionally and knowingly penetrating A.S.'s sexual organ with his sexual organ without A.S.'s consent by compelling A.S. "to submit and participate" by (a) "the use of physical force and violence, and by acts

and words [placing A.S.] in fear that serious bodily injury would be imminently inflicted on [her]" or (b) "threatening to use force and violence against [her, and she believed appellant] had the present ability to execute the threat."

When asked pre-trial whether the State would be seeking "any specially-requested charges," the State replied, "[T]here may be lesser-included offenses.... Maybe assault and sexual assault." When asked the same question, the defense responded, "None other than the lessers." The reporter's record does not contain a record of any charge conference, and it does not state that a charge conference occurred off the record. The court charged the jury on aggravated sexual assault, sexual assault, aggravated assault by causing serious bodily injury, and assault by causing bodily injury. The jury found appellant guilty of aggravated assault and assessed punishment at five years' confinement. The court rendered judgment on the jury's verdict.

## II. Issues Presented

Appellant presents four issues for our review. In his first and second issues respectively, he argues that the evidence is legally and factually insufficient to support his conviction for aggravated assault. In his third issue, he contends the trial court did not have jurisdiction to convict him of aggravated assault because it is not a lesser-included offense of aggravated sexual assault as charged in the indictment. In his fourth issue, he contends that the inclusion of aggravated assault in the jury charge egregiously harmed him.

The State contends this court must overrule appellant's issues because appellant failed to develop a record affirmatively showing he did not request that the trial court submit aggravated assault to the jury as a lesser-included offense. More-

over, the State argues the evidence is legally and factually sufficient to support his conviction for aggravated assault. The State does not argue the merits of appellant's third and fourth issues, but relies solely on appellant's alleged failure to present a sufficient record as to those issues.

We conclude that appellant's third issue is dispositive of this appeal. Accordingly, we address that issue and need not address appellant's remaining issues. In analyzing appellant's third issue, we consider (1) whether aggravated assault is a lesser-included offense of aggravated sexual assault as charged in the indictment, (2) whether the trial court lacked jurisdiction to convict appellant of aggravated assault, and (3) whether appellant forfeited his jurisdictional challenge by failing to develop an adequate record.

## III. Analysis

### A. Aggravated Assault is Not a Lesser-Included Offense of Aggravated Sexual Assault as Charged in the Indictment.

■ The first question we must decide is whether aggravated assault is a lesser-included offense of aggravated sexual assault as charged in the present case. Under Code of Criminal Procedure article 37.09, an offense is a lesser-included offense of the offense charged if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006).

There are two steps in the analysis to determine whether there may be a conviction for a lesser-included offense in a particular case. *Hall v. State*, 225 S.W.3d 524, 528 (Tex.Crim.App.2007).[1] In the present case, we first ask whether aggravated assault is a lesser-included offense of aggravated sexual assault. *See id.* If the answer to that question is yes, we then ask whether the evidence at trial was sufficient to have required the court to submit the issue of aggravated assault to the jury. *See id.* The question in the first step is a question of law, which does not depend on the evidence produced at trial. *Id.* at 535. In the first step, the pleadings approach is the sole means for determining whether a party may be entitled to a lesser-included offense instruction. *Id.* at 535–36.

In the first step, we consider only the statutory elements of aggravated sexual assault as they were modified by the particular allegations in the indictment. *See id.* at 536. As alleged in the indictment, those elements are:

(1) appellant

(2) intentionally and knowingly

(3) penetrated A.S.'s sexual organ

(4) with his sexual organ

(5) without her consent, by compelling her to submit and participate by

(a) using physical force and violence, or

(b) threatening to use force and violence against her and she believed appellant had the present ability to execute the threat; and

(6) by acts and words, placed A.S. in fear that serious bodily injury would be imminently inflicted on her.

*See* TEX. PENAL CODE ANN. §§ 22.011(b); 22.021(a)(1)(A)(I), (2)(A)(ii) (Vernon Supp. 2006).

We now compare those elements with the elements of the offense of aggravated assault that could be included in that offense. *See Hall*, 225 S.W.3d at 536. The statutory elements of that offense, as modified by the jury charge, are:

(1) appellant

(2) intentionally or knowingly

(3) caused bodily injury to A.S. by striking her with his hands, and

(4) that bodily injury

(a) created a substantial risk of death, or

(b) caused death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

*See* TEX. PENAL CODE ANN. §§ 1.07(a)(46); 22.01(a)(1), 22.02(a) (Vernon Supp.2006).[2]

---

**1.** The *Hall* court was construing and applying subsection (1) of Code of Criminal Procedure article 37.09. *See id.* at 536. That subsection is the relevant provision in the present case.

**2.** Because the jury charge included aggravated assault only under the theory of causing serious bodily injury, we do not consider the alternative means of committing assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(2) (threatening another with imminent bodily injury), or

(3) (causing physical contact when actor knows or should reasonably believe the other individual will regard contact as offensive or provocative). Under *Hall*, we do not look at the proof adduced at trial. *Hall*, 225 S.W.3d at 535. Nevertheless, just as under *Hall* we look at the elements of the greater offense as modified by the allegations in the indictment, we look at the elements of the lesser offense as modified by the jury charge. *Cf. id.* at 536;

We now ask whether the elements of the lesser offense are "established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM. PROC. ANN. art. 37.09; *see Hall*, 225 S.W.3d at 536. The answer is they are not. As charged in the indictment, aggravated sexual assault does not require proof appellant caused serious bodily injury—*i.e.*, injury creating a substantial risk of death or causing death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Accordingly, aggravated assault is not a lesser-included offense of aggravated sexual assault as charged in this case.

## B. The Trial Court Lacked Jurisdiction to Convict Appellant of Aggravated Assault.

■ A trial court has no jurisdiction to convict a defendant of an offense not charged in an indictment unless that offense is a lesser-included offense of the crime charged. *McLeod v. State*, 56 S.W.3d 704, 708 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Foster v. State*, 834 S.W.2d 494, 497 (Tex.App.-Houston [14th Dist.] 1992, no pet.). Because, as we held above, aggravated assault is not a lesser-included offense of aggravated sexual assault as charged in this case, there was no valid indictment or complaint charging aggravated assault, and the trial court was without jurisdiction to convict appellant of that offense. *See Jacob v. State*, 892

S.W.2d 905, 907–9 (Tex.Crim.App.1995) (en banc); *Houston v. State*, 556 S.W.2d 345, 347 (Tex.Crim.App.1977). Consequently, the trial court's judgment is void. *See Jacob*, 892 S.W.2d at 907–9; *Houston*, 556 S.W.2d at 347; *Foster*, 834 S.W.2d at 497.

## C. Appellant Did Not Forfeit His Jurisdictional Challenge by Failing to Develop an Adequate Record.

■ The State argues this court must overrule appellant's issues because appellant failed to develop a record affirmatively showing he did not request that the trial court submit aggravated assault to the jury as a lesser-included offense. In support, the State cites *Ortiz v. State*, 144 S.W.3d 225 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (en banc). In *Ortiz*, this court held a defendant's challenge to a lesser-included offense instruction was without merit "for a variety of reasons," including the defendant's failure to develop a record demonstrating the error that he alleged on appeal. *Id.* at 229. As in the present case, the record did not show how the lesser-included offense was included in the charge, and we had no way of knowing whether appellant had requested it. *Id.* However, the appellant in *Ortiz* did not seek rendition of a judgment of acquittal based on an allegedly void judgment. *See id.* at 227–29. Rather, as to the lesser-included offense, the appellant in *Ortiz* asserted only charge error. *See id.* Therefore, we conclude *Ortiz* is not on point.[3]

*Ramos v. State*, 981 S.W.2d 700, 701 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd) (comparing elements of theory of assault proposed by defendant challenging denial of instruction and holding assault not lesser-included offense of aggravated sexual assault or indecency with a child because assault under defendant's theory required proof defendant knew or reasonably believed complainant would regard contact as offensive or provocative).

3. Likewise, the other cases the State cites do not involve challenges to the trial court's jurisdiction. *See, e.g., State v. Yount*, 853 S.W.2d 6, 9 (Tex.Crim.App.1993) (involving challenge to lesser-included offense on limitations grounds), *overruled in part by McKinney v. State*, 207 S.W.3d 366, 373–74 (Tex.Crim. App.2006); *State v. Lee*, 818 S.W.2d 778, 781 (Tex.Crim.App.1991) (en banc) (plurality op.) (involving challenge to sufficiency of the evi-

Despite the breadth of the language used in some of the cases, we have found no binding precedent holding that a defendant who does not develop the record or object to the incorrect instruction forfeits or is estopped from asserting a challenge to his conviction for a crime with which he was not charged and that is not a lesser-included offense of the crime with which he was charged.

In *Hall v. State*, however, the Fifth Court of Appeals addressed this jurisdictional issue. *See* 81 S.W.3d 927, 928–29 (Tex.App.-Dallas 2002), *aff'd*, 225 S.W.3d 524 (Tex.Crim.App.2007). In *Hall*, the defendant was charged with murder, but the jury found him guilty of aggravated assault by threat. *Id.* at 928. As in *Ortiz* and the present case, the record did not show whether the appellant had requested that the jury be charged as to the lesser-included offense. *Id.* at 929. The court of appeals rejected the State's claim the defendant had procedurally defaulted and was unable to make his claim because of the law of invited error:

> Regardless of whether the law of procedural default would have applied in this case if the record showed appellant requested the aggravated assault instruc-

tion, the State offers no authority, and we have found none, to support its claim that "appellant should have to show, before he may claim improper submission of aggravated assault as a lesser included offense, that he did not request this instruction in the off-the-record charge conference." We perceive no reason to place this burden on appellant. The record does not show whether one of the parties requested the instruction, whether the parties jointly requested it, or whether the trial court acted on its own initiative in including it in the charge. Given the silence of the record about who requested the aggravated assault instruction, we will address whether the trial court had jurisdiction to proceed to judgment on the offense of aggravated assault by threat.[4]

*Id.* In *Hall*, the court of appeals does not state whether the record in that case reflected there was an off-the-record charge conference. *See* 81 S.W.3d at 928–31. Although the above-quoted passage indicates that the State asserted that a charge conference had occurred off the record, the court of appeals stated "[i]t is clear, however, that appellant did not object to the instruction at trial." *See id.* at 929. It is

dence to support lesser-included offense), *overruled on other grounds by Moore v. State,* 969 S.W.2d 4, 10 (Tex.Crim.App.1998) (en banc); *Tucker v. State,* 771 S.W.2d 523, 534 (Tex.Crim.App.1988) (involving punishment-phase charge on voluntary intoxication); *Wade v. State,* 164 S.W.3d 788, 794 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (involving charge on illegally obtained evidence).

4. The court then concluded that aggravated assault by threat was not an included offense of murder under either subsection (1) or (2) of Texas Code of Criminal Procedure, article 37.09. *Hall,* 81 S.W.3d at 930–31. The court held the trial court lacked jurisdiction to render judgment on the defendant's conviction of aggravated assault by threat and the judgment was void. *Id.* at 931. The court vacated the

trial court's judgment and rendered judgment acquitting the defendant of the charged offense of murder. *Id.* The Court of Criminal Appeals affirmed, holding aggravated assault by threat was not a lesser-included offense included in the offense of murder as alleged in the indictment. *Hall,* 225 S.W.3d at 536. The Court stated that it did not grant review on, and expressed no opinion regarding, the lower court's decisions that (1) there was no procedural default based on the failure of the record to reflect how the jury was charged on the lesser-included offense, (2) a judgment of guilt of a lesser-included offense not included in the alleged offense is void because a trial court has no jurisdiction to enter such a judgment, or (3) the defendant suffered harm requiring reversal. *Id.* at 537.

hard to see how this would have been clear if the record stated there had been an off-the-record charge conference. In any event, the reasoning of the court of appeals in *Hall* is persuasive in this case, in which the record does not state that there was an off-the-record charge conference. Therefore, we conclude that appellant did not forfeit his third issue by his failure to develop a record affirmatively showing he did not request that the trial court submit aggravated assault to the jury as a lesser-included offense.

We conclude (1) aggravated assault is not a lesser-included offense of the aggravated sexual assault charged in the indictment, (2) the trial court therefore lacked jurisdiction to convict appellant of aggravated assault in this case, and (3) appellant did not forfeit his third issue. Accordingly, we sustain appellant's third issue, and do not consider his three remaining issues.

## IV. CONCLUSION

We hold the trial court lacked jurisdiction to convict appellant of aggravated assault because it is not a lesser-included offense of aggravated sexual assault as charged in the indictment. The trial court's judgment of conviction for aggravated assault is therefore void, and we vacate that judgment. *See Jacob*, 892 S.W.2d at 907–9; *Foster*, 834 S.W.2d at 497. By its verdict, the jury acquitted appellant of the indicted charge of aggravated sexual assault. Accordingly, we remand the cause to the trial court with instructions to render a judgment of acquittal on the charged offense of aggravated sexual assault. *See Foster*, 834 S.W.2d at 497.