Sam Wesley **DUDLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–07–01083–CR.

Court of Appeals of Texas, Dallas.

Nov. 12, 2008.

Discretionary Review Granted Jan. 27, 2010.

George E. Ashford, III, Dallas, for Appellant.

Craig Watkins, Dallas County Dist. Atty., Shelly O'Brien Yeatts, Asst. Dist. Atty., Dallas, for State.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

After being indicted for aggravated sexual assault of a child, appellant pleaded no contest to and was convicted of indecency with a child. He now contends the evidence against him was insufficient to support the conviction and the trial court was without jurisdiction to convict him of indecency with a child because it was not a lesser included offense of aggravated sexual assault. Based on our conclusion that, in this case, indecency with a child was not a lesser included offense of the charged aggravated sexual assault, we vacate the trial court's judgment and remand the case for further proceedings.

■ In his second and third issues, appellant questions the trial court's authority to convict him of the uncharged offense of indecency with a child. He complains that indecency with a child was not a lesser included offense of aggravated sexual assault of a child in this case and, therefore, the trial court had no jurisdiction to convict him of the lesser offense. The State responds that, because both offenses involve contact of a sexual nature, indecency with a child is properly considered a lesser included offense of aggravated sexual assault of a child. For this reason, the State further asserts that the trial court necessarily had jurisdiction to convict appellant of indecency with a child.

In *Hall v. State*, the Texas Court of Criminal Appeals clarified the analysis applicable to the first step in identifying a lesser included offense under code of criminal procedure article 37.09(1).[1] The court adopted the "pleadings approach," requiring a comparison of the elements of the greater offense, as pleaded by the State in the charging instrument, with the elements in the statute defining the lesser offense. *See Hall*, 225 S.W.3d 524, 525–36 (Tex.Crim.App.2007). Under article 37.09(1), the uncharged offense is a lesser included offense of the charged one if it "is established by proof of the same or less than all the facts required to establish the

---

1. The second step, determining whether any evidence at trial raised the lesser included offense, applies when a party requests a jury instruction on the alleged lesser included offense. It has no bearing on appellant's case.

commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006). In this case, the offense of indecency with a child contains one element that was not explicitly charged in the aggravated sexual assault indictment: the intent to arouse or gratify the sexual desire of any person. *See* Tex. Penal Code Ann. §§ 21.01(2), 21.11(a)(1) (Vernon 2003 & Supp.2008).

The State argues that indecency with a child is nevertheless a lesser included offense of aggravated sexual assault of a child by penetration because the elements of indecency with a child are "functionally the same or less than those required to prove the charged offense." *See Jacob v. State,* 892 S.W.2d 905, 908 (Tex.Crim.App. 1995); *see also Farrakhan v. State,* 247 S.W.3d 720, 724 (Tex.Crim.App.2008) (noting that nothing in the functional equivalence concept is contrary to the court's lesser-included-offense analysis in *Hall*). In particular, the State argues that the element of intent to arouse or gratify sexual desire "can be deduced from the facts required to establish intentional or knowing penetration" in an aggravated sexual assault case. Under the State's functional equivalence analysis, the charged aggravated sexual assault offense in this case, by nature of the penetration alleged, is necessarily a "sexual offense," as is indecency with a child. The only difference between the two offenses, according to the State, is the degree of contact between the defendant and the complainant. We disagree.

■ Under *Hall,* to provide the defendant fair notice of the offenses for which he may be convicted, the determination of whether an uncharged offense is a lesser included offense of the charged offense must be made *without* considering the trial evidence. The reviewing court must instead compare the elements of the original offense as they are alleged in the charging instrument with the elements of the potential lesser included offense. *See Hall,* 225 S.W.3d at 535. The indictment in this case alleged appellant "intentionally and knowingly cause[ed] the penetration of the female sexual organ of [the complainant] . . . by an object, to-wit: the finger of said defendant."

The elements of the offense as alleged in the State's indictment do not conclusively establish an intent by appellant to arouse or gratify the sexual desire of any person. The crime as alleged could have been committed solely with an intent to violate the complainant, without any concomitant intent to satisfy a sexual desire. Indeed, the legislature has chosen to classify the offense not as a sexual offense but as an assaultive one. *Compare* Tex. Penal Code Ann. § 21.11 (Vernon 2003) (classifying indecency with a child among the sexual offenses against the person), *with* § 22.021 (Vernon Supp.2008) (classifying aggravated sexual assault among the assaultive offenses against the person). Without looking at the evidence in the case, it is impossible to say that intent to arouse or gratify the sexual desire of a person may necessarily be deduced from the alleged act of appellant penetrating the child's female sexual organ with his finger. The fact that both offenses involve the complainant's sexual organ does not make the elements of both offenses the same.

■ The offense of indecency with a child, under the *Hall* analysis, contains an additional element not included in the charged aggravated sexual assault offense—that of intent to arouse or gratify the sexual desire of any person. *See id.* §§ 21.01(2), 21.11(a)(2). It cannot be a lesser included offense of the charged aggravated sexual assault in this case. The trial court here had jurisdiction to convict

appellant only of the charged aggravated sexual assault or an offense that was a lesser included offense of the aggravated sexual assault. *See Hall v. State,* 81 S.W.3d 927, 929 (Tex.App.-Dallas 2002), *aff'd,* 225 S.W.3d 524 (Tex.Crim.App.2007). Any action taken by a court without jurisdiction is void. *Id.* at 931.

We understand the State's desire to prosecute those accused of sexual crimes to the full extent of the law. We also recognize the appeal of permitting the State to convict a sexual offender of indecency with a child when the proof at the offender's aggravated sexual assault trial has failed to show a completed act of penetration. We are nevertheless constrained by the legislature's definitions of the two offenses and the holding by the court of criminal appeals in *Hall* to conclude that, where the charging instrument does not allege the defendant committed the aggravated sexual assault with intent to arouse or gratify the sexual desire of any person, the trial court is without authority to convict the defendant of indecency with a child.

The judgment of the trial court is void. We resolve appellant's second and third issues in his favor. Due to our disposition of these matters, we need not address appellant's first issue. We vacate the trial court's judgment. We remand the case to the trial court for further proceedings consistent with this opinion.