IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1175-10






ROBERTO YARIT TREJO, Appellant



v.



THE STATE OF TEXAS





DISSENT TO REFUSAL TO GRANT


STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion.



 Appellant was indicted for aggravated sexual assault but was convicted of the lesser offense
of aggravated assault by causing bodily injury. The record reveals neither a request by appellant for,
nor an objection by appellant to, the submission of the lesser offense. The court of appeals found
that the submission of the lesser offense was error because aggravated assault by causing bodily
injury was not in fact a lesser-included offense of aggravated sexual assault. The court of appeals
further found that appellant was egregiously harmed by the erroneous lesser-offense submission.

 In Woodard v. State, this Court stated in dicta that "an unobjected-to and unwaived
submission of an unindicted offense in the jury charge followed by a conviction of that offense meets
Almanza's 'egregious harm' standard and should be considered 'other relevant information revealed
by the record of the trial as a whole.'" (1) This conclusion was based in part on the Texas constitutional
right to a grand jury indictment. (2) Woodard involved a murder prosecution in which the trial court
submitted to the jury the unindicted offense of conspiracy to commit aggravated robbery. (3)

 The present case may be distinguishable from Woodard because the indictment in this case
contained allegations regarding the use of force and violence, i.e., allegations relevant to the offense
for which appellant was convicted (aggravated assault by causing bodily injury). Specifically, the
indictment alleged that the victim was compelled to submit and participate by (a) "the use of physical
force and violence, and by acts and words [placing the victim] in fear that serious bodily injury
would be imminently inflicted" on her or by (b) "threatening to use force and violence against [her,
and she believed appellant] had the present ability to execute the threat." (4) These indictment
allegations, which are at least similar to the allegations contained in the submitted offense of
aggravated assault, raise the question of whether appellant was egregiously harmed with respect to
his right to a grand jury indictment. We should grant review to consider whether the court of appeals
conducted a proper harm analysis.

 For the reasons stated in my concurrence in Woodard, we should also grant review to
determine whether appellant should be estopped from challenging the submission of the aggravated-assault offense. (5) Given the conspicuousness of lesser-offense submissions in a jury charge, "when
there is no evidence that the submission was a genuine oversight, we should assume that both parties
knowingly acquiesced in the submission." (6) And acquiescence in the submission of a lesser offense
should result in estoppel, due to the obvious potential benefits to be obtained from a lesser-offense
submission. (7)

 I respectfully dissent to the Court's refusal to grant review. 


Filed: December 8, 2010

Publish
1. 322 S.W.3d 648, 658 (Tex. Crim. App. 2010).
2. Id. at 657.
3. Id. at 649.
4. See Trejo v. State, 242 S.W.3d 48, 49-50 (Tex. App.-Houston [14th Dist.] 2007). 
5. See Woodard, 322 S.W.3d at 660-61 (Keller, P.J., concurring).
6. Id. at 661.
7. Id. at 660.