

# NUMBER 13-07-00670-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

OSCAR RENE BENAVIDEZ,                                **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant, Oscar Rene Benavidez, appeals from his conviction for the offense of aggravated assault. *See* TEX. PENAL CODE ANN. §§ 22.01(1), 22.02(a)(1) (Vernon Supp. 2008). Appellant was indicted for aggravated sexual assault against his estranged wife (count 1) and, in the same occurrence or transaction, for burglary of a habitation with intent to commit sexual assault (count 2). The jury acquitted appellant of both charges. It also

found appellant not guilty of the lesser-included offense of burglary of a habitation with the intent to commit assault. The jury did, however, find appellant guilty of aggravated assault, an offense submitted to the jury as a lesser-included offense of aggravated sexual assault. The jury assessed punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000 fine.

By three issues, appellant contends the following: (1) the trial court erred in allowing the State, over objection, to submit the lesser-included offense of aggravated assault in the jury charge; (2) the evidence was legally insufficient to support the jury's conviction for aggravated assault; and (3) the trial court erred in cumulating this sentence with a previously imposed sentence in another cause. We vacate the judgment and remand with instructions to enter a judgment of acquittal.

## I. LESSER-INCLUDED OFFENSE OF AGGRAVATED ASSAULT

By his first issue, appellant alleges that the trial court should not have allowed the submission of the lesser-included offense for the jury's consideration. We agree.

### A. Applicable Law

To determine whether the State or the defendant is entitled to a lesser-included offense instruction, the court of criminal appeals has adopted a two-part test. *See Hall v. State*, 225 S.W.3d 524, 526, 536 (Tex. Crim. App. 2007). The first part of the test is a question of law that does not depend on the evidence presented at trial, and, in this case, requires us to ask whether, based on the statutory elements and the particular facts alleged in the indictment, aggravated assault is a proper lesser-included offense of aggravated sexual assault. *Id.* at 535-36. The analysis can be performed at any time "by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.*; *see* TEX. CODE CRIM. PROC.

ANN. art. 37.09(a) (Vernon 2006) (providing that an offense is a proper lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged"). In other words, to determine whether an offense is a proper lesser-included offense, courts look "to the facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense." *Hall*, 225 S.W.3d at 526 (explaining the court's adopted "cognate-pleadings" approach). The court of criminal appeals has also said on a number of occasions that when the greater offense can be committed in more than one manner, "the manner alleged will determine the availability of lesser-included offenses." *Id.* at 531 (citations omitted). The second part of the test, although not reached in the present case, is a question of fact that depends on the evidence actually presented at trial and asks if there is some evidence in the record that would permit a jury to rationally find that if appellant is guilty at all, he is guilty only of the lesser-included offense. *Id.* at 526, 536 (citing *Bignal v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (en banc)).

## B. Charge Error

The statutory elements of aggravated sexual assault, as modified and charged in count 1 of the indictment, provided that appellant committed the offense of aggravated sexual assault if he (1) intentionally or knowingly caused the penetration of the sexual organ of Adela Coronado without her consent, and (2) by acts or words placed her in fear that serious bodily injury would imminently be inflicted on her. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (a)(2)(A)(ii) (Vernon Supp. 2008). In the indictment against appellant, the manner of committing aggravated sexual assault was limited to his placing Coronado in fear that serious bodily injury would be inflicted on her. In contrast, a person commits aggravated assault if the person actually causes serious bodily injury to another. *See id.*

3

§ 22.02(a)(1) (Vernon Supp. 2008). Numerous courts have recognized that the proof required to show a threat of bodily harm or injury is different than the proof required to show serious bodily harm or injury. *See, e.g., Schmidt v. State*, 278 S.W.3d 353, 355-59 (Tex. Crim. App. 2009) (discussing the distinctions between threatening to cause bodily harm and actually causing bodily harm); *Hall*, 225 S.W.3d at 531 (noting that assault by bodily injury is not a lesser-included offense to aggravated assault by threat with a deadly weapon); *Trejo v. State*, 242 S.W.3d 48, 52 (Tex. App.–Houston [14th Dist.] 2007), *rev'd on other grounds*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009) (holding that aggravated assault is not a lesser-included offense of aggravated sexual assault because aggravated sexual assault does not require proof of serious bodily injury).

Given the court of criminal appeals' ratification of these legal principles, the State concedes charge error, and we agree. In this case, the lesser-included offense of aggravated assault required proof that appellant caused serious bodily injury to Coronado, as opposed to merely threatening to cause bodily injury. Thus, proof of an additional fact not alleged in the indictment was required. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(a). Therefore, based on the statutory elements and the particular facts alleged in the indictment, aggravated assault was not a proper lesser-included offense of aggravated sexual assault in this case. *See Hall*, 225 S.W.3d at 535-36. We conclude that inclusion of the lesser-included offense of aggravated assault in the jury charge was error and sustain appellant's first issue.[1] *See id.*; *see also* TEX. PENAL CODE ANN. §§ 22.01(1), 22.02(a)(1), 22.021(a)(2)(A)(ii).

---

[1]Because this issue is dispositive of the appeal, we need not address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## II. Jurisdiction

Moreover, the trial court has no jurisdiction to convict a defendant of an offense not charged in an indictment unless that offense is a lesser-included offense of the crime charged. *See Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980); *see also Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009) (setting out that "subject matter jurisdiction requires both a general grant of authority to the trial court and a charging instrument that invokes that jurisdiction over the particular case"). In this case there is no indictment charging appellant with the offense of aggravated assault, and we have already decided that aggravated assault is not a lesser-included offense of the greater indicted offenses. Accordingly, the trial court was without jurisdiction to enter a judgment convicting appellant of an offense not charged in the indictment. Therefore, the purported judgment is void.

## III. Conclusion

Having determined that there was no proper lesser-included offense of aggravated assault in this case and that the indictment did not contain a charge for the offense of aggravated assault, we order the judgment vacated and the case remanded for entry of a judgment of acquittal as to the charge of aggravated assault.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of October, 2009.