NUMBER 13-07-00670-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


OSCAR RENE BENAVIDEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 389th District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellant, Oscar Rene Benavidez, appeals from his conviction for the offense of
aggravated assault. See Tex. Penal Code Ann. §§ 22.01(1), 22.02(a)(1) (Vernon Supp.
2008). Appellant was indicted for aggravated sexual assault against his estranged wife
(count 1) and, in the same occurrence or transaction, for burglary of a habitation with intent
to commit sexual assault (count 2). The jury acquitted appellant of both charges. It also
found appellant not guilty of the lesser-included offense of burglary of a habitation with the
intent to commit assault. The jury did, however, find appellant guilty of aggravated assault,
an offense submitted to the jury as a lesser-included offense of aggravated sexual assault. 
The jury assessed punishment at twenty years' confinement in the Institutional Division of
the Texas Department of Criminal Justice and imposed a $10,000 fine.

 By three issues, appellant contends the following: (1) the trial court erred in allowing
the State, over objection, to submit the lesser-included offense of aggravated assault in the
jury charge; (2) the evidence was legally insufficient to support the jury's conviction for
aggravated assault; and (3) the trial court erred in cumulating this sentence with a
previously imposed sentence in another cause. We vacate the judgment and remand with
instructions to enter a judgment of acquittal.

I. Lesser-Included Offense of Aggravated Assault By his first issue, appellant alleges that the trial court should not have allowed the
submission of the lesser-included offense for the jury's consideration. We agree.

A. Applicable Law

 To determine whether the State or the defendant is entitled to a lesser-included
offense instruction, the court of criminal appeals has adopted a two-part test. See Hall v.
State, 225 S.W.3d 524, 526, 536 (Tex. Crim. App. 2007). The first part of the test is a
question of law that does not depend on the evidence presented at trial, and, in this case,
requires us to ask whether, based on the statutory elements and the particular facts
alleged in the indictment, aggravated assault is a proper lesser-included offense of
aggravated sexual assault. Id. at 535-36. The analysis can be performed at any time "by
comparing the elements of the offense as they are alleged in the indictment or information
with the elements of the potential lesser-included offense." Id.; see Tex. Code Crim. Proc.
Ann. art. 37.09(a) (Vernon 2006) (providing that an offense is a proper lesser-included
offense if "it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged"). In other words, to determine whether
an offense is a proper lesser-included offense, courts look "to the facts and elements as
alleged in the charging instrument, and not just to the statutory elements of the offense." 
Hall, 225 S.W.3d at 526 (explaining the court's adopted "cognate-pleadings" approach). 
The court of criminal appeals has also said on a number of occasions that when the
greater offense can be committed in more than one manner, "the manner alleged will
determine the availability of lesser-included offenses." Id. at 531 (citations omitted). The
second part of the test, although not reached in the present case, is a question of fact that
depends on the evidence actually presented at trial and asks if there is some evidence in
the record that would permit a jury to rationally find that if appellant is guilty at all, he is
guilty only of the lesser-included offense. Id. at 526, 536 (citing Bignal v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994) (en banc)).B. Charge Error

 The statutory elements of aggravated sexual assault, as modified and charged in
count 1 of the indictment, provided that appellant committed the offense of aggravated
sexual assault if he (1) intentionally or knowingly caused the penetration of the sexual
organ of Adela Coronado without her consent, and (2) by acts or words placed her in fear
that serious bodily injury would imminently be inflicted on her. See Tex. Penal Code Ann.
§ 22.021(a)(1)(A)(i), (a)(2)(A)(ii) (Vernon Supp. 2008). In the indictment against appellant,
the manner of committing aggravated sexual assault was limited to his placing Coronado
in fear that serious bodily injury would be inflicted on her. In contrast, a person commits
aggravated assault if the person actually causes serious bodily injury to another. See id.
§ 22.02(a)(1) (Vernon Supp. 2008). Numerous courts have recognized that the proof
required to show a threat of bodily harm or injury is different than the proof required to
show serious bodily harm or injury. See, e.g., Schmidt v. State, 278 S.W.3d 353, 355-59
(Tex. Crim. App. 2009) (discussing the distinctions between threatening to cause bodily
harm and actually causing bodily harm); Hall, 225 S.W.3d at 531 (noting that assault by
bodily injury is not a lesser-included offense to aggravated assault by threat with a deadly
weapon); Trejo v. State, 242 S.W.3d 48, 52 (Tex. App.-Houston [14th Dist.] 2007), rev'd
on other grounds, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009) (holding that aggravated
assault is not a lesser-included offense of aggravated sexual assault because aggravated
sexual assault does not require proof of serious bodily injury).

 Given the court of criminal appeals' ratification of these legal principles, the State
concedes charge error, and we agree. In this case, the lesser-included offense of
aggravated assault required proof that appellant caused serious bodily injury to Coronado,
as opposed to merely threatening to cause bodily injury. Thus, proof of an additional fact
not alleged in the indictment was required. See Tex. Code Crim. Proc. Ann. art. 37.09(a). 
Therefore, based on the statutory elements and the particular facts alleged in the
indictment, aggravated assault was not a proper lesser-included offense of aggravated
sexual assault in this case. See Hall, 225 S.W.3d at 535-36. We conclude that inclusion
of the lesser-included offense of aggravated assault in the jury charge was error and
sustain appellant's first issue. (1) See id.; see also Tex. Penal Code Ann. §§ 22.01(1),
22.02(a)(1), 22.021(a)(2)(A)(ii).

II. Jurisdiction

 Moreover, the trial court has no jurisdiction to convict a defendant of an offense not
charged in an indictment unless that offense is a lesser-included offense of the crime
charged. See Garcia v. Dial, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980); see also Trejo
v. State, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009) (setting out that "subject matter
jurisdiction requires both a general grant of authority to the trial court and a charging
instrument that invokes that jurisdiction over the particular case"). In this case there is no
indictment charging appellant with the offense of aggravated assault, and we have already
decided that aggravated assault is not a lesser-included offense of the greater indicted
offenses. Accordingly, the trial court was without jurisdiction to enter a judgment convicting
appellant of an offense not charged in the indictment. Therefore, the purported judgment
is void.

III. Conclusion

 Having determined that there was no proper lesser-included offense of aggravated
assault in this case and that the indictment did not contain a charge for the offense of
aggravated assault, we order the judgment vacated and the case remanded for entry of
a judgment of acquittal as to the charge of aggravated assault.


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 8th day of October, 2009.
1. Because this issue is dispositive of the appeal, we need not address appellant's remaining issues. 
See Tex. R. App. P. 47.1.