**Roberto Yarit TREJO, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1175–10.**

Court of Criminal Appeals of Texas.

Dec. 8, 2010.

Ken Goode, Houston, for Appellant.

Eric Kugler, Asst. D.A., Houston, Lisa C. McMinn, State's Atty., Austin, for State.

KELLER, P.J., filed a dissenting opinion.

Appellant was indicted for aggravated sexual assault but was convicted of the lesser offense of aggravated assault by causing bodily injury. The record reveals neither a request by appellant for, nor an objection by appellant to, the submission of the lesser offense. The court of appeals found that the submission of the lesser offense was error because aggravated assault by causing bodily injury was not in fact a lesser-*included* offense of aggravat-

ed sexual assault. The court of appeals further found that appellant was egregiously harmed by the erroneous lesser-offense submission.

In *Woodard v. State*, this Court stated in *dicta* that "an unobjected-to and unwaived submission of an unindicted offense in the jury charge followed by a conviction of that offense meets *Almanza's* 'egregious harm' standard and should be considered 'other relevant information revealed by the record of the trial as a whole.' " [1] This conclusion was based in part on the Texas constitutional right to a grand jury indictment.[2] *Woodard* involved a murder prosecution in which the trial court submitted to the jury the unindicted offense of conspiracy to commit aggravated robbery.[3]

The present case may be distinguishable from *Woodard* because the indictment in this case contained allegations regarding the use of force and violence, i.e., allegations relevant to the offense for which appellant was convicted (aggravated assault by causing bodily injury). Specifically, the indictment alleged that the victim was compelled to submit and participate by (a) "the use of physical force and violence, and by acts and words [placing the victim] in fear that serious bodily injury would be imminently inflicted" on her or by (b) "threatening to use force and violence against [her, and she believed appellant] had the present ability to execute the threat." [4] These indictment allegations, which are at least similar to the allegations contained in the submitted offense of aggravated assault, raise the question of whether appellant was egregiously harmed with respect to his right to a grand jury indictment. We should grant review to consider whether the court of appeals conducted a proper harm analysis.

For the reasons stated in my concurrence in *Woodard*, we should also grant review to determine whether appellant should be estopped from challenging the submission of the aggravated-assault offense.[5] Given the conspicuousness of lesser-offense submissions in a jury charge, "when there is no evidence that the submission was a genuine oversight, we should assume that both parties knowingly acquiesced in the submission." [6] And acquiescence in the submission of a lesser offense should result in estoppel, due to the obvious potential benefits to be obtained from a lesser-offense submission.[7]

I respectfully dissent to the Court's refusal to grant review.

---

1. 322 S.W.3d 648, 658 (Tex.Crim.App.2010).

2. *Id.* at 657.

3. *Id.* at 649.

4. *See Trejo v. State*, 242 S.W.3d 48, 49–50 (Tex.App.-Houston [14th Dist.] 2007).

5. *See Woodard*, 322 S.W.3d at 660–61 (Keller, P.J., concurring).

6. *Id.* at 661.

7. *Id.* at 660.